UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL ANGEL ROSA PENA,

       Petitioner,

v.

                                     Case No. 3:26-cv-898-MMH-MCR

WARDEN, BAKER COUNTY
CORRECTIONAL INSTITUTE, et al.,[1]

       Respondents.
_____

## **ORDER**

Petitioner Miguel Angel Rosa Pena, an immigration detainee, is proceeding through counsel on a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Rosa Pena is a citizen of Honduras who entered the United States without inspection in 2018. Petition at 1, 5. On about March 30, 2026, local law enforcement detained Rosa Pena during a traffic stop and transferred him to the custody of the United States Immigration and Customs Enforcement (ICE). Id. at 6. Rosa Pena raises various challenges to his immigration detention and seeks, inter alia, immediate release from ICE custody. See id. at 16.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

Respondent Warden filed a Motion to Dismiss (Doc. 9), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 10; Response) asserting that they are now detaining Rosa Pena under 8 U.S.C. § 1226(a), and conceding that he is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, --- F.4th ---, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). They request that the Court afford them up to ten working days to arrange a bond hearing. Response at 3.

Rosa Pena filed a counseled Reply (Doc. 11; Reply). As he does in his Petition, and citing two prior decisions of this Court, Rosa Pena asks that the Court order his "immediate release" from custody as the "appropriate remedy." Reply at 2 (citing Case Nos. 3:26-cv-710-MMH-LLL; 3:26-cv-716-TJC-PDB). He also asserts the Federal Respondents' request for up to ten working days to arrange a bond hearing is unreasonable and suggests forty-eight-hours instead, should the Court grant him a bond hearing rather than immediate release. Id. at 4.

When Rosa Pena was detained in March 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is detained under § 1226—not § 1225—and entitled to an individualized bond

2

hearing before an immigration judge.[2] See Hernandez Alvarez, 2026 WL 1243395, at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act (INA)). Accordingly, it is

**ORDERED**:

1.      Rosa Pena's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the INA.[3] Within **seven calendar days** of this Order, Respondents shall either afford Rosa Pena an

---

[2] The appropriate remedy following the Eleventh Circuit's Hernandez Alvarez decision is to order a bond hearing occur in accordance with § 1226(a). The prior orders from this Court on which Rosa Pena relies in requesting immediate release without first affording Respondents time to arrange a bond hearing involve different procedural circumstances because in both, the Federal Respondents filed their responses pre-Hernandez Alvarez and, as such, argued that aliens, like Rosa Pena, who were detained in the interior of the country were subject to mandatory detention under § 1225. See Case Nos. 3:26-cv-710-MMH-LLL (Doc. 8); 3:26-cv-716-TJC-PDB (Doc. 8). Given the Eleventh Circuit has resolved this issue in a decision, there is no longer a concern that an order directing the government to arrange a bond hearing before an immigration judge "would be futile." See Case No. 3:26-cv-716-TJC-PDB (Doc. 12 at 5). Moreover, while recognizing that Rosa Pena has been unlawfully detained under § 1225 since March 2026, the Court finds that a forty-eight-hour period in which to arrange a bond hearing may be administratively untenable. However, should a bond hearing not occur within the time set forth in this Order, the Court, alternatively, will order Rosa Pena's release.

[3] Because the Court finds that Rosa Pena is entitled to relief on his assertion that Respondents violated the INA, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Rosa Pena, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     Respondent Warden's Motion to Dismiss (Doc. 9) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:     Counsel of Record

4